[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff claims that she was terminated from her employment with the defendant because she protested the defendant's expectation that she and other marketing employees commit certain improper and unfair insurance practices and unfair trade practices in violation of General Statutes §§ 38a-315, 38a 316, 38a-825, 38a-826 and 42-100b. The plaintiff claims that she was wrongfully discharged from her employment and that" [a]s a result, [she] has suffered . . . extreme emotional distress." In subsequent counts, she alleges that as a result of her termination in violation of public policy, the defendant is also liable for negligent infliction of emotional distress and intentional infliction of emotional distress. The defendant moves to strike these two counts.
To state a separate cause of action for negligent or intentional infliction of emotional distress in the employment context, the acts causing the emotional distress must have occurred prior to the termination of the employment or in the process of the termination. That is, wrongful termination of employment, in and of itself, which is all that is alleged here, CT Page 6660 does not give rise to a separate cause of action for negligent or intentional infliction of emotional distress. Parsons v. UnitedTechnologies Corp. , 243 Conn. 66, 88-89 (1997) (negligent infliction of emotional distress); Parsons v. Sikorsky AircraftDivision, Superior Court, judicial district of Fairfield, No. 280394 (March 1, 1996) (intentional infliction of emotional distress), affirmed in part, reversed on other grounds,243 Conn. 66 (1997). The federal cases on which the plaintiff relies are not to the contrary.
The defendant's motion to strike is granted.
BY THE COURT
Bruce L. Levin, Judge of the Superior Court